UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEIL MENA, : | CIVIL ACTION NO. 3:21-0632 |
| Petitioner : | |
| v. : | (JUDGE MANNION) |
| WARDEN R. THOMPSON : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Neil Mena, an inmate confined in the Allenwood Low Security United States Penitentiary, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2017 conviction in the United States District Court for the Southern District of New York for use and possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. §924(c). Id. A response (Doc. 7) and traverse (Doc. 8) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

I. **Background**

The procedural background of Petitioner's criminal conviction is taken from the sentencing court's December 23, 2019 denial of Petitioner's motion to vacate pursuant to 28 U.S.C. §2255 and is as follows:

> On November 16, 2007, in the Northern District of New York, Petitioner was sentenced to 100 months' imprisonment, to be followed by four years of supervised release, on his guilty pleas to possessing cocaine with intent to distribute and being a felon in possession of a firearm. (No. 16-CR-623 Doc. 20 ("PSR") ¶ 35; No. 16-CR-623 Doc. 37 ("Gov't Br.") Ex. E ("7/10/17 Tr.") at 9.) On January 30, 2015, he was released from prison to supervised release. (PSR ¶ 35.) Because Petitioner was residing in this District, his supervision was transferred here on May 11, 2015, given docket number 15-CR-281, and assigned to Judge Oetken. (No. 15-CR-281 Docs. 1-3.)
>
> On September 14, 2016, Petitioner was separately charged in this District with conspiracy to distribute heroin and possess heroin with intent to distribute, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B) and 846, and with using, carrying and possessing a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. §924(c). (No. 16-CR-623 Doc. 2.) On October 5, 2016, a Probation Officer prepared a petition for violation of supervised release ("VOSR") in No. 15-CR-581. (See Pet. at 30-42.) It recommended a sentence of 24 months' imprisonment, to run concurrent with whatever sentence Petitioner received on the new charges. (Id. at 35.) Judge Oetken ordered the issuance of a warrant on October 12, 2016. (See Pet. at 42.)
>
> On March 22, 2017, Petitioner pleaded guilty in No. 16-CR-623 pursuant to a plea agreement in which the Government agreed, among other things, to accept a plea to a narcotics conspiracy count under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, which – unlike the original charge, which carried a five-year mandatory

minimum prison term – had no mandatory minimum prison sentence. (Gov't Br. Ex. B.) The plea agreement made no reference to any VOSR. At the guilty plea, Petitioner swore, among other things, that aside from the promises in the plea agreement, nobody had promised him anything or offered him any inducements to enter in the plea agreement. (Gov't Br. Ex. D at 15.) At the conclusion of the plea, around 2:50 p.m., (*see* Gov't Br. Ex. D at 23), Petitioner's counsel mentioned that "in anticipation of a *potential* violation of supervised release report" arising from Petitioner's Northern District conviction, she had discussed with the Government the possibility of this Court sentencing Petitioner on both cases at once. (Id. at 22 (emphasis added).) The Court – unaware that a VOSR petition had already been filed in this District – said that that would be fine but it was really up to the judge in the Northern District. (Id. at 22-23.) Petitioner's counsel then said, "We can go downstairs and talk to Probation." (Id. at 23.) It was thus plain that none of the participants in the plea knew that a VOSR was already in the works.

Probation was apparently promptly contacted, because on the same day at approximately 4 p.m., Probation emailed the prosecutor a copy of the Petition, with a request that it be forwarded to defense counsel, which was promptly done. (Id. at 25.) In her email to defense counsel, the prosecutor stated, "As it turns out, probation already got Mr. Mena's VOSR transferred to SDNY. The case was assigned to Judge Oetkin [*sic*], and the attached VOSR paperwork was filed without notice to you or to me." (Id.) On the following day, March 23, 2017, defense counsel mailed a copy of the VOSR petition to Petitioner, (id. at 27), and on April 26, 2017, No. 15-CR-21 was reassigned from Judge Oetken to the undersigned. (No. 15-CR-281 Doc. 4.)

On July 9, 2017, the day before sentencing in No. 16-CR-623, Probation sent the parties an amended petition that, among other things, included more detail about the violations, corrected Petitioner's criminal history category and advisory Sentencing Guidelines range (in his favor), and recommended a sentence of 24 months' imprisonment in No. 15-CR-281, to run consecutive

to the sentence imposed in No. 16-CR-623. (Gov't Br. Ex. D at 29-38.)¹

On July 10, 2017, before sentencing on No. 16-CR-623, Petitioner admitted to the specifications in the amended VOSR petition. (Gov't Br. Ex. E at 7.) He swore, among other things, that nobody had made him any promises or offered him any inducements to admit to the specifications, (id. at 6), that nobody had coerced, threatened or forced him to admit to the specifications, (id.), that nobody had made him a promise as to what his sentence would be, (id. at 7), that he understood that he could be sentenced to up to two years' imprisonment and that that would be on top of whatever sentence he got on No. 16-CR-623, (id. at 6,), and that he was satisfied with defense counsel and her representation of him, (id. at 8). The Court then sentenced Petitioner to 30 months' imprisonment on the narcotics conspiracy count, 60 months' imprisonment on the firearm count, and 18 months' imprisonment on the VOSR, all sentences to run consecutive. (Id. at 25-27.)

The Second Circuit affirmed Mena's judgment on September 24, 2018. United States v. Mena, 738 Fed. App'x 23 (2d Cir. 2018).

Mena filed a §2255 motion claiming his counsel promised him that any sentence he received for his violation of supervised release would run concurrent to his new sentence. See Mena v. United States, 2019 WL 7096748 (S.D.N.Y. Dec. 23, 2019). The sentencing court denied that motion.

---

¹ The amendment conformed to U.S.S.G. § 7B1.3(f), which provides that a term of imprisonment imposed upon revocation of supervised release shall be served consecutively to any other prison term the defendant is serving, "whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of ... supervised release."

See id. During the proceedings of the §2255 motion, Mena sought to amend his motion to include a challenge to his §924(c) conviction because the combined sale of narcotics with a weapon does not satisfy the elements of a §924(c) offense. United States v. Mena, No. 7:16-cr-00632 (S.D.N.Y.). The sentencing court ordered the government to respond. Id. The government asked the court to deny the motion as futile because four circuits have upheld §924(c) convictions based on the same factual scenario. Id. at Doc. 41, Gov't Resp. at 3-4 (citing United States v. Claud X, 648 F.3d 599, 604 (8th Cir. 2011); United States v Lipford, 203 F.3d 259, 267 (4th Cir. 2000); United States v. Lantham, 578 Fed. App'x 312, 315 (4th Cir. 2014); United States v. Rivera, 502 Fed. App'x 554, 557 (6th Cir. 2012); United States v. Timmons, 283 F.3d 1246,1253 (11th Cir. 2002)). The Southern District of New York has also accepted pleas based on the same theory. Id. at 4 (citing United States v. Hughes, 15 Cr. 467 (KMK) (S.D.N.Y. Jan. 7, 2016).) The government noted that the Second Circuit "recognized in the context of the United States Sentencing Guidelines (U.S.S.G.), that the addition of a gun to a drug sale clearly constitutes the possession of a gun "in connection with" a felony under U.S.S.G. 2K2.1(b)(6)(B)." Id. (citing United States v. Ryan, --- F.3d ---, 2019 WL 3849549 (2d Cir. 2019)).

The sentencing court denied Mena's motion to amend his §2255 motion for the reasons provided in the government's response. United States v. Mena, No. 7:16-cr-00632 (S.D.N.Y.). The sentencing court also denied Mena's motion for reconsideration and the Second Circuit denied a certificate of appealability. Id.

On April 6, 2021, Petitioner filed the instant petition for writ of habeas corpus again challenging his conviction under §924(c). (Doc. 1). Mena asserts an actual innocence claim on the basis that his admitted conduct – the simultaneous sale of heroin and a firearm to an undercover agent – does not satisfy the elements the government must prove to secure a §924(c) conviction. Id.

## II. Discussion

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely,

a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See

Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under §2241, the §2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

    Mena has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255. Thus, he can only bring a challenge under §2241 if it

appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. He has failed to meet this burden. Although he alleges actual innocence, he fails to cite to any change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Because Mean fails to meet his burden of demonstrating that §2255 is inadequate or ineffective the challenge the legality of his detention, the §2241 petition will be dismissed for lack of jurisdiction.

The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Likewise, as noted above, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long, 611 F. App'x at 55. Therefore, Petitioner may not rely upon §2241 to raise his claims, and the Court will dismiss his §2241 petition for lack of jurisdiction.

III. <u>Conclusion</u>

Based on the foregoing, Mena's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  April 28, 2022**
21-0632-01